UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| GWENDOLYN ANN BADIE | ) | CASE: A19-69335-WLH |
| PHILLIP TERRELL BADIE | ) | |
| | ) | |
| DEBTORS | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Trustee requests proof of income and proof of expense for new mobile food kitchen business in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

2.

The Trustee requests proof of income and a copy of the 2019 tax return in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

3.

The funding of post-petition mortgage installments have not been maintained in the above-styled Chapter 13 case, thereby rendering the proposed plan infeasible in violation of 11 U.S.C. Section 1325(a)(6).

4.

The Trustee requests proof of the fair market value of the Debtors' real property in order to determine the accuracy and veracity of the plan and/or schedules. 11 U.S.C. Section 521(1) and 11 U.S.C. Section 1325(a)(3).

5.

The Chapter 13 Schedules fail to include and notice a debt owed to Monroe County in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 342.

6.

The Chapter 13 schedules fail to disclose a Timeshare, in violation of 11 U.S.C. Section 521.

7.

The Chapter 13 schedules fail to reflect the Debtors' Domestic Support Obligation income, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. Section 1325(b)(1)(B).

8.

The Chapter 13 schedules fail to reflect the Debtors' new business income and expenses, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. Section 1325(b)(1)(B).

9.

The Chapter 13 budget reflects a total monthly household expense of $6,187.00, an amount that may be excessive and unnecessary for the maintenance or support of the Debtors or Debtors' dependents in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

10.

The Debtors allege a change in income or expense on line 46 of Official Form 122C-2. The Trustee requests proof of this change sufficient to substantiate that this change will be ongoing during the Debtors' applicable commitment period.

11.

The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors as required by 11 U.S.C. Section 1325(b)(1)(B).

12.

The Debtors may receive income tax refunds during the applicable commitment period. These funds could assist the Debtors in completing the case and could be projected disposable income for unsecured creditors. The Debtors' plan fails to provide for these refunds to be paid to the plan during the applicable commitment period. 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

13.

The plan fails to treat Monroe County real estate taxes in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

14.

The Chapter 13 budget reflects a monthly net income of only $2,610.00, thereby rendering the proposed Chapter 13 plan payment of $3,610.00 per month infeasible in violation of 11 U.S.C. Section 1325(a)(6).

15.

The Debtors' composition plan proposes to retain a motorcycle with a debt of $24,384.00 , which may be excessive and/or unnecessary for the maintenance or support of Debtors or Debtors' dependents. 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

16.

Debtor-Husband incurred $57,750.00 for a truck and mobile kitchen trailer approximately six months before filing this Chapter 13 bankruptcy. The Debtors behavior immediately preceding the case may indicate a lack of good faith in violation of 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtors' plan, and to dismiss the case.

This the 24th day of January, 2020.

Respectfully submitted,

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064

CERTIFICATE OF SERVICE

Case No: A19-69335-WLH

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

GWENDOLYN ANN BADIE
PHILLIP TERRELL BADIE
2134 JULIEN OVERLOOK
CONYERS, GA  30012

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE SEMRAD LAW FIRM, LLC

This the 24th day of January, 2020.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201